## M'Clelland *against* Slingluff.

If two executions be placed in the hands of the sheriff at different times, and he make a levy of the defendant's personal property and a sale upon that which came to his hands last, he must appropriate the money to it, and not to the first, upon which he had endorsed or attached no levy.

In an action against the sheriff for misappropriating money made upon a *fieri facias* which he had in his hands, and which he had returned without a levy, it is not competent for him to prove by parol that a levy was actually made upon it; nor to give in evidence a written levy of the property, out of which the money was made, which had remained in his possession until the time of the trial.

ERROR to the Common Pleas of *Adams* county.

Charles and Jesse Slingluff against George W. M'Clelland, sheriff. This was an action on the case, in which the plaintiffs declared for money had and received, and the defendant pleaded *non assumpsit.* The plaintiffs gave in evidence a *fieri facias,* at their suit against John A. Davis and James S. Davis, for $594, placed in the hands of the defendant, as sheriff, on the 16th June 1840, upon which he endorsed a specific levy of the defendant, John A. Davis's personal property, on the same day; and subsequently, on the 13th August 1840, made the return, "goods sold and applied to *fieri facias* No. 23, April term 1840, and applied to rent, and *nulla bona* further." The amount of sale was admitted to have been $349.35, of which $100 was applied to rent.

The defendant offered in evidence the *fieri facias* No. 23, April term 1840, at the suit of James M'Sherry against John A. Davis, which was issued and came to the hands of the sheriff on the 2d April 1840, upon which the following return was endorsed and made: "Aug. 13, 1840, made $349.35 and costs, $100 of which applied to rent, and the balance to this *fieri facias,* and returned by order of plaintiff's attorney." The defendant further offered a paper purporting to be a levy on the same articles specified in the levy made upon the execution in favour of the Slingluffs, to be followed by proof that it was a levy made by William King, deputy sheriff, on the same day it bears date (2d April 1840), on the *fieri facias* of James M'Sherry, and that it was the same property sold; at the same time admitting that the paper had never

been annexed to the *fieri facias,* or returned with it, but always remained in the defendant's possession. All this evidence was objected to by the plaintiff, and the court overruled it.

Durkee (President) instructed the jury that the plaintiffs were entitled to recover.

*Stevens,* for plaintiff in error. It appears clearly that the sheriff appropriated the money rightly. When the first *fieri facias* came to his hands he had a specific levy of the defendant's personal property made in writing, and kept it, with his writ, until the property was sold. What difference can it make that he did not return it into the office with his writ? The seizure is the levy, 3 *Penn. Rep.* 234, 294, and it is not necessary that an inventory should be attached to each writ. The plaintiff's right ought not to be affected by the omission of the officer to return a schedule of the property levied. 3 *Rawle* 405; 2 *Saund. Pl.* 361; 2 *Serg. & Rawle* 142.

*Cooper,* contra, argued that it was not competent for the sheriff to contradict his return by parol proof. It is necessary to the validity of a levy that it should designate the property seized, or refer to an inventory of it. 1 *Wash. C. C.* 38. There must be an actual seizure. 6 *Watts* 470. The record offered in this case did not exhibit any levy whatever, much less a designation of the property. Public policy requires that it should be known what goods are subject to the lien of an execution.

The opinion of the Court was delivered by

Rogers, J.—On the return to the *alias fieri facias,* the plaintiff in that execution, Slingluff, was entitled to the money. For although there was a prior execution in the hands of the sheriff, no levy had been made upon it, but it was made, as appears in the return, on the second execution on which the property was sold. The levy was attached to the execution, and so returned; so that the application of the money to the first execution was a mispayment, which rendered the sheriff liable in this action. As between different plaintiffs, if two writs of *fieri facias* are delivered to the sheriff on the same, or different days, the sheriff ought to execute that first which was first delivered to him. If, however, the sheriff, either by mistake or design, levy goods in execution by virtue of the writ last delivered, and make sale of them, the property in the goods is transferred by the sale, and the party cannot seize them by virtue of the writ first delivered, but he may have his remedy against the sheriff. *Watson on Sheriff.* 127. The money made, when this is the case, belongs to the second execution creditor, on whose writ the goods were levied and sold, leaving the first execution creditor to an action against the sheriff for redress. At the time, therefore, that this suit was commenced,

[M'Clelland v. Slingluff.]

so far as it appeared on the sheriff's return, the right of action was complete. But to avoid the effect of the return, the sheriff offered to show by parol, that in fact a levy was made on the *fieri facias* first delivered to him. But this, we are of opinion, should not be permitted, because the evidence offered is, in substance, a contradiction, or, at any rate, is an avoidance of the legal effect of his return on the *alias fieri facias;* for on that writ the levy and sale were made; for to that writ he has attached the levy as part of his return. He offers a paper purporting to be a levy on the same goods, which, it is conceded was not and never had been attached to the writ, nor returned with it. In connection, he offers parol proof that it was a levy made by the deputy sheriff on the same day it bears date, on the property therein mentioned, on the M'Sherry execution, No. 23, and that it was the same property sold by the sheriff on the *alias fieri facias* and embraced in the other levy. But in addition to the reason already given, we think such testimony would be dangerous to the rights of creditors, as it would enable the sheriff, after he is fixed for the money, to rid himself of the effects of his return by testimony which, in its nature, is very uncertain and unsatisfactory. But we are further of the opinion, the court was right in excluding the evidence, because, if admitted, it would not have varied the result, as is shown in *Barnes and others* v. *Billington,* (1 *W. C. C. R.* 38). The sheriff must always designate the property seized under the execution, either in the body of his return, or by reference to a schedule accompanying it. The reason is obvious; the execution creating a lien, it should be known to others who may take posterior executions, or who may deal with the debtor, what property is affected by the lien, and what is not. Here the plaintiff had no notice whatever of the first levy, for the first he heard of it was at the trial, when the sheriff offered to give it in evidence, admitting, at the same time, that it had not been attached to the writ, nor returned with it, but that it had been brought into court by him during the trial, having remained from the date in his possession, without having been filed of record in any way. It was therefore a private paper merely, with nothing to connect it (except the parol proof of the deputy sheriff) with the official proceedings of the sheriff. The sheriff may attach the levy to each and every execution, or he may refer to the levy attached to another execution. But when neither course is pursued, and there is nothing attached to the execution which indicates that a levy has been made on the execution, it would peril the just rights of creditors to permit the omission of it to be supplied by the oath of the deputy sheriff, or by any other parol proof. It is necessary that we should require that there should be something on the execution itself, or accompanying it, to show a levy, and the goods on which the levy was made, to prevent subsequent execution creditors and others deal-

[M'Clelland v. Slingluff.]

ing with the debtor being deceived and defrauded.　The evidence was therefore properly ruled out on two grounds, because it contradicts the legal effect of the return on the *alias fieri facias*, and because it would lead to bad consequences to permit a sheriff, after he is fixed for the money, and suit brought against him, to shield himself from the consequences of his own act by testimony of which the plaintiff neither has nor could have any knowledge. It would introduce carelessness on the part of sheriffs' officers, of little service to themselves and most pernicious to suitors.

Judgment affirmed.