# Winegardner *versus* Hafer.

A constable has no right to remove property which has been previously levied on by another constable, and whilst it is subject to the first levy. The right to the proceeds, however, is determinable by law

ERROR to the Common Pleas of *Union county*.

This was an action of trespass, by Jacob Hafer against Albert Winegardner, brought before a justice, and brought into court by appeal. Bostian Divel confessed a judgment in favor of his brother, John Divel, for $85. Same day, execution was issued, and was received by Hafer, a constable, and Hafer alleged that on the next day he made a levy on all the personal property of Bostian Divel, which, however, was not removed. The levy included two or three cattle. On the 15th December, Rangler brought suit on a note against Bostian Divel, and, on the 22d of that month, obtained judgment. On the same day, execution issued to Winegardner, another constable, who made a levy on the property in the possession of Divel, including the cattle previously levied on by Hafer, and put them into a stable for security. Hafer afterwards took the cattle out of the stable and sold them, and subsequently brought this suit against Winegardner for taking away the cattle. The levy made by Winegardner was made on the day before the sale by Hafer. Verdict for plaintiff, for $7.

On the trial it was offered to be proved, on the part of defendant, that the judgment confessed by Bostian Divel in favor of John, his brother, was *fraudulent*. The evidence was rejected by Judge WILSON, on the ground that another creditor cannot legally take property which had been previously levied on by a constable, out of the possession of the officer who has it in possession under process issued by competent authority. Exception on part of defendant.

Various exceptions were taken on the trial, and answers of the court to points were excepted to. The point on which the case was decided before the Supreme Court, relates merely to the re-

[Winegardner *v.* Hafer.]

moval of property by the second constable, after levy on it by another constable.

*Miller* was for plaintiff in error.
*Linn*, for defendant.

August 1, 1850.—PER CURIAM.—It is indifferent which of the two levies was entitled to bind the property. It was in the exclusive possession of the one constable, and the other had no right to disturb it. The right to the proceeds was determinable by law; and so far is the principle carried, that the property of a stranger in the hands of a sheriff or a constable cannot be replevied, though the same protection is not extended to the purchaser. The reason is, that there would be confusion and disturbance of the peace if the process of the law were not allowed to run its course.

Judgment affirmed.