# Sweet, Appellant, *v.* Williams.

*Execution—Lien—Priority.*

The mere fact that an execution creditor issues a pluries fi. fa. after having directed that a fi. fa. and an alias fi. fa. should be returned unexecuted, is not sufficient to sustain a finding that the pluries fi. fa. was issued for the purpose of lien only, and not to enforce the collection of the debt.

In such a case where there is no evidence that the execution creditor interfered by word or act with the due execution of the pluries fi. fa., the fact that no levy was made under it until other executions were in the sheriff's hands will not destroy the priority of its lien.

*Execution—Levy—Sheriff's sale—Distribution.*

In the distribution among execution creditors of a sum of money realized by a sale of personal property, the money must be appropriated to the writs which were levied on it or the property to the exclusion of the writs which were not so levied.

*Execution—Agreement between execution creditor and defendant.*

An agreement between an execution creditor who has issued execution and the defendant, by which the writ is returned levied, and the defendant is allowed eighteen months in which to make payments from time to time, postpones the lien of the writ on the property to the writs of other judgment creditors, who subsequently issue execution.

Argued March 14, 1894.   Appeal, No. 380, Jan. T., 1894, by plaintiff, J. T. Sweet, from order of C. P. Bradford Co., Dec. T., 1892, No. 309, sustaining exceptions to auditor's report distributing a fund realized by a sheriff's sale of personal property. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.   Reversed.

Exceptions to report of James S. Webb, Esq., auditor appointed to distribute the proceeds of a sheriff's sale of the personal property of Charles Williams.

The facts appear by the following opinion of PECK, P. J.:

" The Towanda Foundry Co., an execution creditor of the defendant, excepts to the finding of the auditor, that the action of J. T. Sweet, the plaintiff in No. 309, Dec. T., 1892, did not postpone his writ to that of the Towanda Foundry Co.'s writs ; and that he erred in not awarding the balance of the money to the Towanda Foundry Co.'s writs.

" On Oct. 24, 1892, J. T. Sweet, the plaintiff in No. 309, Dec. T., 1892, issued a fi. fa. on said judgment and placed it in the sheriff's hands ; no levy was made upon this writ, and it was returned ' at request of defendant and consent of plaintiff.'

" On Dec. 5, 1892, the return day of the fi. fa., the plaintiff issued an alias fi. fa. returnable to February term, 1893 ; no levy was made upon this writ, and it was returned ' held by order of plff. ; not executed, Feb. 6, 1893.'

" Feb. 6, 1893, the plaintiff issued a pluries fi. fa. returnable to May term, 1893 ; upon this writ no levy was made until March 6, 1893, three days after the executions of the Towanda Foundry Co. had been placed in the sheriff's hands.

" The record shows that two executions were issued by J. T. Sweet with ample time to levy and sell the personal property of the defendant, upon which nothing was done, and the pluries fi. fa. remained in the sheriff's hands for a month longer without any levy, a delay of more than four months ; when we add the further fact that the only cause of delay shown by the evidence or the record is that the alias fi. fa. ' was held by the plaintiff,' the inference to my mind is conclusive that the writ was placed in the sheriff's hand for the purpose of obtaining a lien without any intention of selling unless some other writ was issued, and if that was the intention of the plaintiff his writ should be postponed.

"I am not able to agree with the learned auditor, in his finding that no levy was made upon the Foundry Co.'s writs.

"The Towanda Foundry Co. held two judgments against the defendant, Charles Williams, in said court, Nos. 776 and 775, September term, 1891; one for $240, and the other for $597.50; on Sept. 3, 1891, said company issued a fi. fa. on each of these judgments, upon which the sheriff, on Sept. 11, 1891, levied upon a part of the same property which was afterwards sold upon the writs of said company and of said Sweet; after this levy, some arrangement was made between the Foundry Co. and Williams, and these writs were returned by the order of the plaintiff. The levy on the writs of the Foundry Co. was not stricken off, and on March 3, 1893, said company issued a vend. ex. with a clause of fi. fa. upon each of its said judgments to sell the property levied upon by said fi. fas. which remained unsold. The sheriff made the following return to these writs: ' Now, March 6, 1893, by virtue of this writ I advertised the within described property to be sold at the house of deft., in Barclay township, on Tuesday, March 14, 1893, at 9 o'clock A. M., at which time and place I sold the defendant's interest in all the within described property and other property of the defendant as described in fi. fa. No. 25, May T., 1893, (the pluries fi. fa. of J. T. Sweet), for the sum of $331, as set forth by bill of sale in that writ.'

"Where the sheriff has several writs in his hands at the same time he may indorse a list of the goods levied on upon each writ, but this is not necessary, and the practice is to make the indorsement or attach the schedule to one writ, and refer to this in the return on the others: Troubat and Haly's Practice, 4th ed., page 885; McCormick v. Miller, 3 Penrose and Watts, 230. The sheriff in these cases attached the schedule of the property levied upon to the writ of J. T. Sweet, and referred to it in the writs of the Foundry Co.

"The Foundry Co. do not claim that they have any priority of lien by virtue of the levy upon its fi. fas., but as the levies had never been stricken off, and the property remained in the possession of the defendant unsold, I am of the opinion that it was the proper practice to issue a vend. ex. to sell the property so levied upon, and that the levy would support the writ.

"I therefore sustain the exceptions to the auditor's report, and

reverse the findings of the auditor, and decree that the balance of $289.96 be applied on vend. ex., etc., No. 58, May T., 1893, and vend. ex., etc., No. 59, May T., 1893, issued upon the judgment of the Towanda Foundry Co., Nos. 775 and 776, Sept. T., 1891, v. Charles Williams."

*Errors assigned* were in sustaining exceptions to auditor's distribution, quoting them.

*I. McPherson, E. J. Angle* with him, for appellant.—The mere fact that the appellant issued two prior writs at most would only justify an inference that he issued to get priority of lien as against other creditors. But a person who issues a writ for the purpose of obtaining priority, if he does not interfere with the sheriff in the execution of it, will not be postponed: Stroudsburg Bank's Ap., 126 Pa. 523 ; Landis v. Evans, 113 Pa. 332.

If, however, the appellant's writ be regarded as subsequent to the appellee's, still the appellant is entitled to the proceeds of the sale, because the sheriff made no levy on the appellee's writs: McClelland v. Slingluff, 7 W. & S. 134; Stroudsburg Bank's Ap., 126 Pa. 523 ; Schuylkill Co's Ap., 30 Pa. 358.

*James H. Codding, John W. Codding* with him, for appellee. —The law does not favor an execution for the mere purpose of lien: Landis v. Evans, 113 Pa. 332; Stroudsburg Bank's Ap., 126 Pa. 523 ; Kent, Santee & Co.'s Ap., 87 Pa. 167 ; Com. v. Stremback, 3 Rawle, 341; Freeburger's Ap., 40 Pa. 244; Parys's Ap., 41 Pa. 273 ; Stern's Ap., 64 Pa. 447.

The appellant's writ, if issued for the purpose of security, never had any lien on the defendant's goods, as against other execution creditors. Therefore when the appellee's writ came to the sheriff's hands, it bound what was not bound by the appellant's writ, and, as to it, was the first lien: Stern's Ap., 64 Pa. 450.

OPINION BY MR. JUSTICE McCOLLUM, May 31, 1894:

The fund for distribution was raised by a sheriff's sale of the personal property of Charles Williams, against whom the Towanda Foundry Company, appellee, held two judgments, and

J. T. Sweet, appellant, held one judgment. A portion of the property was levied upon September 11, 1891, on writs of fieri facias on the appellee's judgments, and on the 3d of March, 1893, writs of venditioni exponas were issued thereon. On the 6th of February, 1893, a pluries fi. fa. was issued on the appellant's judgment, and by virtue of it all the property was levied on and sold. The appellee expressly disclaims any priority of lien by reason of the levies on the 11th of September, but insists that the whole fund is applicable to its writs issued on the 3d of March because the appellant stayed the fi. fa. and alias fi. fa. on his judgment, and the sheriff did not make a levy by virtue of the pluries fi. fa. before the appellee's writs came to his hands. The learned auditor concluded that the evidence before him was insufficient to warrant a finding that the pluries fi. fa. was issued for the purpose of lien only, and he accordingly awarded the fund to the appellant; but the learned judge of the court below, being of opinion that such a finding was demanded by the evidence, awarded the fund to the appellee. The sheriff's return to the preceding writs on the appellant's judgment constituted the only evidence on this point. From these returns it appears that the appellant consented that the first writ, and directed that the second, should be returned unexecuted. But how did this consent and direction affect the lien of the pluries fi. fa.? At most they operated as a stay of proceedings on the writs to which they related. They did not authorize an inference that the last writ was for the purpose of lien only. The learned counsel for the appellee concede this in their brief when they say : " Our contention is therefore that while the clearly dilatory purpose of the first two writs is not to be construed as affecting the validity of the third writ *had it been duly prosecuted*, yet the fact that no levy was made under the third writ until the appellee's executions were in the sheriff's hands, is to be construed with the history of the original and alias writs, as indicating an attempt to hold security and not to collect a debt." But there was no evidence that the appellant interfered by word or act with the due execution of the pluries fi. fa. It was a valid writ in the hands of the sheriff, and his rights and duties under it, together with the lien of it upon the property of the defendant, were unaffected by the returns on the prior writs,

or the directions of the appellant in respect to them. It was received by the sheriff on the 6th of February and it was returnable on the first of May. By virtue of it the sheriff on the 6th of March levied on all the property on which it became a lien when he received it, and on the 14th of March he sold the same. In this execution of the writ considered by itself there was nothing to charge the appellant with a misuse of it. Manifestly when the pluries fi. fa. was received by the sheriff it became a lien upon the property sold by virtue of it. This much, as we have seen, was conceded by the appellee. It follows that the lien so obtained was not postponed to subsequently acquired liens unless, as the appellee alleges, the appellant interfered in some manner with the execution of the writ. The burden was on the appellee to show such interference. It was not presumed from the alleged delay in making the levy. Affirmative proof of it was required. "An execution will not be postponed for the officer's default. His procrastination even by the sufferance of the creditor is not fraudulent per se, and postpones only when the creditor directs him not to proceed:" McGinnis v. Prieson, 85 Pa. 111, and cases cited therein. We summarize our conclusions on this branch of the case as follows: The action of the appellant in staying the previous writs did not postpone the lien of the pluries fi. fa. or cast on him the burden of showing that it was issued for the purpose of collecting his judgment. Presumptively it was so issued. Prima facie it was a lien from the time it was received by the sheriff, and in order to postpone it to the subsequent writ it was incumbent on the contesting creditor to show that it was issued or used for a purpose condemned by the law. No act or declaration of the appellant was shown which would justify an inference of such a purpose.

While the conclusions above stated and the concession of the appellee in reference to the September levies render it unnecessary to consider the other questions in the case which were discussed by the counsel, it is proper to note that in the distribution among execution creditors of a sum of money realized by a sale of personal property, the money must be appropriated to the writs which were levied on it or the property, to the exclusion of the writs which were not so levied: McClelland v. Slingluff, 7 W. & S. 134 ; Schuylkill Co.'s Appeal, 30 Pa. 358

and Stroudsburg Bank's Appeal, 126 Pa. 523.   Applying this principle to the case before us and relying on the disclaimer of priority founded upon the September levies, we are unable to discover upon what ground the appellee can claim all or any portion of the fund, in view of the fact that its writs issued March 3, 1893, were not levied upon the property or upon the money realized by the sale of it.   It may be that the levies made on the appellee's writs on the 11th of September, 1891, were sufficient as against the defendant to support the writs of venditioni exponas issued on the 3d of March, 1893, but they were not sufficient to continue the lien on the property against his subsequent execution creditors.   As to such creditors it was clearly postponed by the arrangement under which the writs were returned levied, and the defendant in them was allowed eighteen months in which to make payments from time to time on account of them.   We are satisfied therefore that the appellee lost nothing by its disclaimer of priority by virtue of these levies.

In accordance with the views we have expressed we sustain all the specifications of error.

Decree reversed at the cost of the appellee and record remitted to the court below with directions to enter a decree in conformity with this opinion.