## Platt-Barber Company, Appellants, *v.* Thomas Groves.

*Practice, Superior Court—Appeals—Auditor's findings of fact when reversed.*

While the record, in a case where the decree of the court below confirms an auditor's report, comes into an appellate court with like effect as if the facts had been found by a jury, the appellate court having all the evidence upon which the finding is based, will reverse when they feel warranted by the evidence in so doing.

*Fxecution—Postponement of levy.*

Nothing is better settled than that an execution is intended, not to secure but to enforce payment of a debt and where the sheriff under instruction, postpones a levy from March 2, to April 20, when another writ is put in his hands, allowing the goods to remain in defendant's possession in the mean time, the execution on the first writ is postponed to the second, because the delay in proceeding on the first writ tends to fraud, and is condemned as against public policy.

Argued May 2, 1898. Appeal, No. 22, April T., 1898, by plaintiffs, from decree of C. P. Jefferson Co., May T., 1896, No. 123, dismissing exceptions to auditor's report. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Exceptions to auditor's report. Before REED, P. J.

The facts sufficiently appear in the opinion of the court.

The court below entered the following decree:

[April 24, 1897, argued and c. a. v.   May 3, 1897, upon a careful examination of the authorities cited, we think the fund for distribution was properly awarded to the writ of Edward Crawford, Assignee, v. Thomas Groves, No. 40, May term, 1896, because the levy and sale was made on that writ alone, as shown by the record.   No levy was indorsed upon or attached to the exceptant's execution, nor does the sheriff refer to any levy made thereon as attached to any other execution. The indorsement on exceptant's writ, "For return of this writ see No. 40, May term, 1896," is not a reference to a levy made on it and attached to the execution mentioned.   An inspection of the return indorsed on the writ referred to shows a levy and sale on that writ, and no other.   We hold different views from those expressed by the auditor on the effect of the instructions given to the sheriff.   The exceptions are overruled and the report of the auditor confirmed.   If an appeal to the Superior Court be not perfected within three weeks the clerk is directed to pay out the money in court in accordance with the recommendations of the auditor.] [5]

*Errors assigned* were (1) in overruling plaintiffs' first exception to the report of the auditor, which exception is as follows: "1. In not finding as a fact that the sheriff was restrained from the execution of the writs of Edward Crawford, assignee, Nos. 40 and 41 of May term, 1896, from March 2, 1896, to April 20, 1896, by instructions from the attorney of said Crawford."   (2) In overruling plaintiffs' second exception, which exception is as follows: "2. In not finding that the facts sustained the contention of Platt-Barber Co."   (3) In overruling plaintiffs' third exception, which exception is as follows: "3. In his conclusions of fact adversely to the contention of Platt-Barber Co."   (4) In awarding $369 to the judgments of Crawford, assignee, and in not distributing the money to the payment of Platt-Barber Co. judgment.   (5) In entering the decree, reciting same.

*Charles Corbet*, for appellants.—Distribution is to be made according to law and equity: Act of June 16, 1836, P. L.

755, 777. The execution of the Platt-Barber Co. bound the property of the defendant in their favor from the,. time it was delivered to the sheriff. This was a vested right: Irons v. McQuewan, 27 Pa. 196.

Parol evidence was admitted to prove a levy upon an execution though no return had been made upon it: Johnson v. Ramsey, 16 S. & R. 115; Tarr v. Eddy, 142 Pa. 410; Com. v. Rooney, 167 Pa. 244.

It will be seen that the order to hold was not countermanded, and the order to proceed given until after the Platt-Barber Co. writ was in the sheriff's hands, which was too late: Christy v. Reynolds, 4 Phila. 8.

From March 2, 1896, to April 20, 1896, forty-nine days, Groves, the defendant, was permitted to remain in possession of his store, selling goods and carrying on as usual. This was such fraud in law as vitiated the Crawford executions: Hall v. Vanderpool, 156 Pa. 152; Broadhead v. Cornman, 171 Pa. 322; Dunham, Buckley & Co. v. Rundle, 4 Pa. Superior Ct. 174.

*S. A. Craig*, for appellee.—A postponement of the sale of personal property by an execution creditor to a time before the return day, being but an adjournment, will not avoid his right for the benefit of a subsequent execution creditor, it being consistent with an intention to levy the debt under the writ: Lantz v. Worthington, 4 Pa. 153. Trickett on Liens, 347, sec. 291. See also Brown's Appeal, 26 Pa. 490; Keyser's Appeal, 13 Pa. 409; Miller v. Gatz, 135 Pa. 558.

On a question of distribution, between execution creditors, the rule is " that the return of a sheriff on an execution is conclusive;" that it " cannot be changed, varied or contradicted " by parol; "if it is false, the only remedy is by an action against him:" Paxson's Appeal, 49 Pa. 195; Henderson v. Henderson, 133 Pa. 399, 420; Stroudsburg Bank's Appeal, 126 Pa. 523; Bogue's Appeal, 83 Pa. 101.

OPINION BY ORLADY, J., July 29, 1898:

On March 2, 1896, Edward Crawford issued to Nos. 40 and 41 of May term, 1896, executions against Thomas Groves aggregating $2,260, and placed them in the sheriff's hands at

7 P. M. of that day. The personal property of the defendant consisted of a horse, wagon, harness and goods in a store conducted by the defendant at Fall Creek.

These writs were held without any levy being made thereunder until April 20, 1896 when Platt-Barber Co. entered a judgment against the defendant, issued a fi. fa. thereon to No. 123, May term, 1896, and delivered it to the sheriff.

On April 20, the sheriff took possession of the personal property and sold it on April 29.

After payment of a landlord's claim for rent in arrears, the prothonotary's and sheriff's costs on the three executions and $166.42 to the attorney representing Nos. 40 and 41 fi. fa., the balance, to wit : $400, was paid into court for distribution.

Platt-Barber Co. contending that the two first writs were issued for the mere purpose of securing a lien, and that under the facts these writs should be postponed in the distribution to the one issued by them on April 20, to No. 123, May term, 1896.

The testimony taken by the auditor was limited to that of the deputy sheriff who received the writs and conducted the levy and sale. The important part of his evidence is as follows : " I think Mr. Craig (attorney for Crawford) brought writs Nos. 40 and 41 into the office, but I went to see him any how, and asked him what it was, and he said it was a store. I asked him if he wanted it closed right away. He said he thought there would not need to be a sale ; that it would be fixed up without a sale. I don't think it was mentioned afterwards until writ No. 123 came into my hands. Perhaps a couple of weeks after, writs came into my hands. It appeared to be Mr. Craig & Mr. Brosins and Mr. Groves that was trying to get it fixed up. In the mean time I was not to do anything but to wait and see if they couldn't get it fixed up. I judge that I held off on account of what Mr. Groves said, and also what Capt. Craig said, both together and because of the efforts to get it fixed up without sale. When Platt-Barber & Co.'s writ was issued Capt. Craig told me that he could not wait any longer, that I must go and make the money."

From this testimony it is clear that the issuing of the Platt-Barber Co. writ, No. 123, May term, 1896, on April 20, was the inducing cause to close the store, which had been kept open

for forty-one business days after the writs Nos. 40 and 41 were in the sheriff's hands; during which time, it is not shown that the stock in trade was increased or diminished in value, or that the sales made during that time were applied to the owner's or creditor's use, but it is against the policy of the law that so tempting an opportunity should be given to an insolvent debtor. As was said in Parys & Co.'s Appeal, 41 Pa. 273, of a similar case, such arrangements are so evidently for the benefit of the debtor, rather than a means of collecting the debt according to law and the exigence of the writ, and they present such a strong temptation to do wrong, not only in making sales but to carry off and conceal the property that the law forbids them altogether, not alone for fraud in fact but as being a fraud in law.

Such conduct is as much to be condemned as arrangements to sell at private sale, which tend to fraud and are against public policy: Pierce v. Evans, 61 Pa. 415.

The auditor distributed the fund to the writs Nos. 40 and 41, and the report was confirmed by the court.

While the record comes to this court with like effect as if the facts had been found by a jury, we have all the evidence upon which that finding is based, and feel warranted in reversing it. The only evidence in the case which suggests the reason for not promptly closing the store and selling the goods, is that of the deputy sheriff, and from it, it is manifest that the writs Nos. 40 and 41 were held by the sheriff on account of the direction of the plaintiff's attorney. While there is no certain rule how long goods may with safety to the execution creditor be permitted to remain in the possession of the debtor (Commonwealth v. Stremback, 3 R. 341), it would be dangerous to hold that goods of the character embraced in the levy in this case could be retained by the debtor for the length of time mentioned. Whatever of hesitancy there may be on the part of the sheriff to explain fully the requests or directions of the plaintiff's attorney, the one important fact stands unchallenged, that after the writs had been placed in his hands, he asked of the plaintiff's attorney if the store was to be closed at once, and was notified by him not to do anything, but to wait and see if they wouldn't get it fixed up, and acting thereunder, he allowed the defendant to conduct his business of selling goods from his store for the unusual

period of forty-one days. Nothing is better settled than that an execution is intended, not to secure but to enforce payment of a debt: Truitt v. Ludwig, 25 Pa. 145. This treatment of the writs Nos. 40 and 41 must be held to postpone them in favor of the writ of the Platt-Barber Co.

In Stroudsburg Bank's Appeal, 126 Pa. 523, the delay in the execution of the writ would appear to have originated in the suggestion of the sheriff, and whether the attorney's purpose was to accommodate him, or to facilitate a settlement of the claim, it is clear that his motives were innocent, and the sheriff was in no way interfered with in the discharge of his duty. In the case before us the direction was to wait indefinitely.

It was further contended by counsel for Groves that the record showed that there was no levy or sale under writ No. 123 of the Platt-Barber Co., and the reason given by the learned court in confirming the report of the auditor was because " the levy and sale were made on that writ (No. 40) alone as shown by the record. No levy was indorsed upon or attached to the exceptant's (the Platt-Barber Co.) execution, nor does the sheriff refer to any levy made thereon as attached to any other execution."

The levy indorsed by the sheriff on No. 40 is as follows: " April 20, 1896. By virtue of the within writ I have this day levied on the following described personal property, to wit: "—and then enumerates the articles. The return indorsed on writ No. 40 recites the levy, the sale as made April 29, 1896, amounting to $725.35, " which money I have applied as follows: to my costs and Pro. Clarke's costs and other costs on Nos. 40, 41 and 123, May term, 1896, $113.91; to rent notice J. W. Stewart $45.00 ; $400 paid into court and the balance $166.42 paid to plaintiff's attorney on this writ." The sheriff did not note any levy on writs No. 41 or No. 123, or any return further than to indorse on each of said writs: " May 11, 1896, for return of this writ see No. 40, May term, 1896, so answers D. G. Gourley, sheriff." The sheriff testified without objection that on April 20, he levied on all the writs and closed the store. The landlord served notice on the sheriff before the sale, " that I shall not consent that either of said writs shall be stayed but the sale on the levies made thereunder must be proceeded with until the amount of said rent with costs is made."

On motion of the Platt-Barber Co. and the sheriff the money was paid into court without objection from the plaintiff in writs Nos. 40 and 41.

The executions bound the property from the time the writs were delivered to the sheriff to be executed. The three writs were in his hands at the time of making the actual seizure of the goods under them, and he did not make return of the writs until he had paid into court the $400.

The indorsement on the execution is not the levy, but one of the evidences of it. The sheriff is not required to make a separate schedule for each execution, and whether a levy is made or not is a fact which like any other fact is to be proved by proper evidence. The fact of a levy is an indispensable one to secure an appropriation to the writ: McCormick v. Miller, 3 P. & W. 230.

Though the two writs of Edward Crawford Nos. 40 and 41 were delivered to the sheriff at the same time, he noted the levy on writ No. 40 alone, and attached to this writ No. 40 the schedule of property, the landlord's notice, the Platt-Barber Co.'s notice to pay the proceeds of the sale into court, his return of the sale with a distribution to the costs on the three writs and the balance of the fund, and the receipt of Edward Crawford, the plaintiff in Nos. 40 and 41 for $488.70 of the proceeds of the sale of the defendant's real estate which was sold under the same writ, but about which there is no controversy. On each of writs No. 40 and No. 123, then in his hands, he wrote: "May 11, 1896, for return of this writ see No. 40, May term, 1896, so answers D. G. Gourley, sheriff." In construing the returns of an officer the words used by him in describing an act done by him should not be closely criticised. It should be held sufficient when it may be fairly inferred therefrom that the requirements of the law have been fairly met. When it is susceptible of different meanings, that should be adopted which is most conformable to his duty. If it can be fairly construed as to be sufficient in law, it is the duty of the court so to construe it: Herman on Executions, sec. 238.

The testimony of the sheriff did not contradict his indorsement on the writ but it was explanatory of it, and it is abundantly decided that he may prove facts dehors his return and not inconsistent therewith: Braden's Estate, 165 Pa. 185.

It would be much more orderly for the sheriff to detail on each writ all that is done thereunder, and the abbreviated indorsements referring to other writs at the same time in his hands, and affected by the same proceeding, are to be condemned as confusing and dangerous. But it causes no injury when the plaintiff in writ No. 40 urges as an objection to writ No. 123 that which would defeat his own right to receive anything under his writ No. 41, which he offered before the auditor in the same condition as writ No. 123.

In McClelland v. Slingluff, 7 W. & S. 134, the court says: " The sheriff may attach the levy to each and every execution, or he may refer to the levy attached to another execution. But when neither course is pursued, and there is nothing attached to the execution which indicates that a levy has been made on the execution, it would peril the just rights of creditors to permit the omission of it to be supplied by the oath of the deputy sheriff, or by any other parol proof. It is necessary that we should require that there be something on the execution itself, or accompanying it, to show a levy, and the goods on which the levy was made, to prevent subsequent execution creditors and others dealing with the debtor being deceived and defrauded." When we consider that in McClelland v. Slingluff the controversy was whether a levy had been made and not noted on an original execution which claimed as against an alias writ on which a levy was indorsed; the reason of the decision and the suggested danger to be avoided do not apply to the case in hand, where the levy if made on any writ was made equally on each, all being in the sheriff's hands at the time, and followed promptly by a sale at which all the parties were present. To hold otherwise, the plaintiff in Nos. 40 and 41 would profit by his interference with the executions in the sheriff's hands, and would receive a part of the fund under writ No. 41 which was affected by the same defects which they urge to exclude writ No. 123. He was not misled to his injury by the omission to indorse the levy in full and to schedule the property, since the evidence shows that when informed of the issuing of the Platt-Barber Co. writ the attorney for Nos. 40 and 41 notified the sheriff that he could not wait any longer, and that the sheriff must go on and make the money.

The decree of the court below is reversed, and it is ordered

that the executions of Edward Crawford Nos. 40 and 41 of May term, 1896, be postponed to the execution of the Platt-Barber Co., No. 123, May term, 1896, which shall be first paid in full, the distribution to be made accordingly in the court below.