## Person's Appeal.

1. In a prothonotary's office there were a pigeon hole kept and a desk for the exclusive use of the sheriff, and he kept a key of the office. When writs were issued by the prothonotary they were placed in the pigeon hole and taken from it by the sheriff. An execution, No. 2, was issued and put into the pigeon hole with the knowledge of the sheriff at the time; afterwards, No. 3, against same defendant, was issued and delivered to the sheriff, at his residence; he endorsed the time of delivery, 12.30 P. M. He afterwards took No. 2 from the pigeon hole and endorsed the time, 4 P. M. *Held*, putting the writ in the pigeon hole was not a delivery, and No. 3 had priority.

2. If there be no endorsement on the writ the time of delivery may be proved by parol, but when the sheriff endorses the time it is conclusive.

3. Hale's Appeal, 8 Wright 438; Mifflin v. Will, 2 Yeates 177, followed.

March 16th 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON, and WOODWARD, JJ.

Appeal from the Court of Common Pleas of *Carbon county*: No. 122 of July Term 1874. In the distribution of the proceeds of the sheriff's sale of the personal property of Peter Laux.

By the report of the auditor, E. R. Siewers, Esq., appointed to make distribution of the above-mentioned proceeds, it appeared as follows:—

On the 19th of January 1874, G. B. Linderman & Co. issued a pluries fi. fa., No. 2, to March Term 1874, against Laux, for debt, $7500; on this writ the sheriff endorsed "Came to my hands, January 19th 1874, at 4 P. M." On the same day, F. H. Person issued a fi. fa., No. 3, to the same term, against Laux, for debt, $327.42; on this writ the sheriff endorsed, "Came to my hands, January 19th 1874, at 12.30 P. M."

The auditor heard parol testimony, which showed that for nine years two pigeon holes or boxes had been set apart in the prothonotary's office for the sheriff's writs; in one of them the writs are placed by the prothonotary as soon as they are issued; in the other the sheriff placed the writs after he had executed them. There was, also, a desk in the prothonotary's office for the exclusive use of the sheriff; he kept a key of the office and had free access to the pigeon holes where the writs were placed. The sheriff was in the prothonotary's office when writ No. 2 was issued, and then knew of its being issued; after leaving the office and going to his dinner, No. 3 was placed in his hands at his residence and he there endorsed the time of its receipt. He returned to the prothonotary's office about four o'clock, got No. 3 from his pigeon hole, and then endorsed the time of its receipt.

The auditor decided, under these facts, that the prothonotary's office was the sheriff's usual place of business, that placing No. 2 in the sheriff's pigeon hole was a proper delivery to him; and as that had been done before No. 3 was put into the sheriff's hands, No. 2 was entitled to priority in the distribution of the fund, not-

withstanding the endorsements on the writs showed that No. 3 came first to his hands. He accordingly awarded the whole fund, $562.40, after deducting costs and expenses, to No. 2.

After exceptions by Person, the court, Dreher, P. J., confirmed his report and decreed the whole fund to G. B. Linderman & Co.

Person appealed to the Supreme Court and assigned this decree for error.

*E. J. Fox* (with whom was *W. M. Rapsher*), for appellant.— Executions are to be paid in the order of their actual delivery to the sheriff: Act of June 16th 1836, sect. 39, Pamph. L. 768, 1 Br. Purd. 643, pl. 44; Ulrich *v.* Dreyer, 2 Watts 303. The time of delivery must be shown by endorsing the day and hour on the writ: Act of 1836, sect. 40, pl. 45; Shafner *v.* Gilmore, 3 W. & S. 488; Hale's Appeal, 8 Wright 438.

*A. Craig* for appellee.—Leaving an execution at the usual place of the sheriff's business is equivalent to a delivery: Mifflin *v.* Will, 2 Yeates 177; Metzler *v.* Kilgore, 3 Penna. Rep. 247; Hale's Appeal, *supra*.

Mr. Justice GORDON delivered the opinion of the court, March 29th 1875.

The controversy, in this case, arises out of the distribution of moneys made by a sheriff's sale of the property of Peter Laux, on two executions against him, dated January 19th 1874. The one, a pluries fi. fa., No. 2, of March Term, was issued on a judgment of G. B. Linderman & Co., and the other, a fi. fa., No. 3, of the same term, upon a judgment of F. H. Person, the appellant. The execution first issued, Linderman & Co.'s, was endorsed by the sheriff as coming to his hands at 4 P. M., of the 19th of January, and the other, Person's, as coming to his hands at 12.30 P. M., of the same day. To this first-named writ, the auditor, to whom was committed distribution of the money raised by the sale, awarded the fund, though it appeared by the endorsement thereon, to have reached the hands of the sheriff subsequently to that of the appellant. This award was induced by the consideration of certain oral testimony, from which it appeared that it was customary for the prothonotary of Carbon county, to put writs, as he issued them, into a box, in his office, set apart for the sheriff, and to which that officer had free access at all times. It also appeared that the prothonotary had placed writ No. 2 in this box before No. 3 was made out, but that this latter writ was put into the sheriff's possession some hours before he took the former out of the box. We do not think this evidence warranted the conclusion to which the auditor and court below arrived. It will be observed, that the lien of an execution attaches, not from the date of its issue, but

from the time it comes into the hands of the sheriff: Act June 16th 1836, sect. 37, Pamph. L. 768. But the ruling of the court below would, in effect, give the lien to the execution first issued, for the prothonotary would naturally and uniformly place these writs in the box in the order in which they were made out. Such was the result of the case under consideration; No. 2 was the first in the box and took the money, though No. 3 was first in the sheriff's hands. This was a complete inversion of the Act of Assembly. The setting apart of a pigeon hole, in the prothonotary's office, for the use of the sheriff, is a mere matter of convenience, and the putting of a writ therein is no delivery to him. It is undoubtedly true, that in the absence of an endorsement of the time of receipt, parol evidence may be adduced to prove which of two or more writs came first into the custody of the executive officer : Mifflin *v.* Will, 2 Yeates 177; Hale's Appeal, 8 Wright 438. But as is observed by Justice Thompson, in the case last cited, when, in obedience to the direction of Act of 1836, the sheriff does note the precise date of the receipts of the writs, it is conclusive. In the case now under review, the precise dates of the receipts of the writs were noted, and an inspection thereof renders it patent that the money in court should have been applied in satisfaction of the appellant's execution. The decree of the court below is reversed at the costs of the appellees, and a new distribution ordered.