## Spicks v. Prospect Brewing Company, Appellant.

*Execution—Lien—Levy—Act of June* 16, 1836, *P. L.* 755.

Since the passage of the Act of June 16, 1836, P. L. 755, the law requires a levy upon a writ of fieri facias placed in the sheriff's hands to be made before the return day of the writ, in order to make the lien from the time at which the writ was placed in the sheriff's hands good; but, when a proper levy is made before the return day of the writ, the levy itself relates to the hour at which the writ was placed in the sheriff's hands and indorsed thereon.

Where the defendant in an execution has agreed to sell personal property to another, but has not delivered it until after the hour at which a writ of fieri facias was placed in the hands of the sheriff and indorsed by

him, the plaintiff in the execution will, if a levy is made before the return day, acquire a lien upon the property by virtue of his writ.

Argued Dec. 14, 1901. Appeal, No. 258, Oct. T., 1901, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1899, No. 620, on verdict for plaintiff in case of George W. Spicks v. The Prospect Brewing Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Sheriff's interpleader to determine the title to personal property in the St. Albans hotel at Second and Walnut streets, Philadelphia.

At the trial it appeared that the Prospect Brewing Company issued a writ of fieri facias against Alexander Glenz, proprietor of the hotel on January 27, 1900, at 9 : 45 A. M., and that this time was indorsed upon the writ. A levy was made on the same day, and the sheriff returned that the property was claimed by George W. Spicks. The evidence showed that Spicks claimed that the property had been sold and delivered to him by Glenz.

The court charged in part as follows:

[A point has been made by counsel for the brewing company that the fi. fa. shows on its face that it was taken into the sheriff's office at 9 : 45 on the morning of January 27, 1900. According to the testimony the levy did not take place until later in the day, some time after the noon hour, at the time when Spicks was there, to take possession of the bar fixtures. He said he was there when the sheriff came in to make the levy. I charge you, as a matter of law, that the entry on the back of the fieri facias makes no difference in this case, because in no sense can it be said that there was a seizure of the property either actual or constructive. The property at 9 : 45 in the morning was neither in the power nor in the view of the sheriff. It was some distance off, and was not seen by the officer until much later in the day. The indorsement upon the execution is itself no levy. The levy is an assertion of title by the sheriff, amounting at least to a legal divestiture of the possession of the defendant, and such as would subject the officer making it to an action of trespass but for the protection of the execution.] [1]

[Therefore it is for you to find whether Spicks had taken possession of the barroom fixtures and hotel fixtures before the sheriff actually made his levy. If he had taken possession of these goods under his bill of sale and after he had paid his money for them, then he would be in lawful possession of his property, and the goods would be his and not Glenz's, and the Prospect Brewing Company would have no right to a verdict.

If, however, Spicks did not take possession of the property until after the sheriff had made his levy, then that was not such a possession as would entitle him to hold the property against the creditors of Glenz.] [2]

Verdict and judgment for George W. Spicks. Prospect Brewing Company appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*C. M. Bowman,* with him *John O. Bowman,* for appellants.— The transfer of title, in order to be good against a creditor of the vendor, must be absolute and unconditional, and the transfer of possession must be absolute and exclusive possession on the part of the vendee : Medalis v. Weimer & Co., 8 Pa. Dist. Rep. 454 ; Lehr v. Brodbeck, 192 Pa. 535.

Since the passage of the act it is submitted that the lien of a fi. fa. begins from the moment of time that it is placed in the sheriff's hands, and from that instant of time it bound all the goods of the defendant within this county, provided that the levy under the writ was made before the return day of the writ : Duncan v. McCumber, 10 Watts, 212 ; McCabe v. Snyder, 3 Phila. 192 ; Braden's Estate, 165 Pa. 184.

*Thomas R. Elcock,* with him *William S. Messemer,* for appellee.—The rulings of the learned judge below were in accordance with Duncan's Appeal, 37 Pa. 500. See also Linton v. Com., 46 Pa. 294, Carey v. Bright, 58 Pa. 70, and Conniff v. Doyle, 8 Phila. 630.

A sheriff is not in all cases required to take active and exclusive possession of personal property on which he may levy; but in order to give validity to his levy, he must not only have the property in his power, but he ought to have it in his view also : Samuel y. Knight & Co., 9 Pa. Superior Ct, 352.

OPINION BY BEAVER, February 14, 1902:

In the 39th section of the Act of June 16, 1836, P. L. 755, it is provided: " No writ of fieri facias or other writ of execution shall bind the property or the goods of the person against whom such writ of execution is sued forth, but from the time such writ shall be delivered to the sheriff, under-sheriff or coroner to be executed." By the terms of the 40th section of the same act, it is made the duty of the sheriff or other officer, receiving such writ, to " indorse thereon the day of the month, the year and the hour of the day whereupon he or they received the same." Since the passage of this act, the law has been uniformly held to require a levy upon a writ of fieri facias, so placed in the sheriff's hands, to be made before the return day of the writ, in order to make the lien from the time at which the writ was placed in the sheriff's hands good; but, when a proper levy is made before the return day of the writ, the levy itself relates to the hour at which the writ was placed in the sheriff's hands and indorsed thereon. The authorities are very numerous and the practice has, of course, been universal. It is only necessary to refer to one or two late authorities upon the subject. In Braden's Estate, 165 Pa. 184, it is said : " As has already been noticed, the writ came into the sheriff's hands at 11 : 30 A. M. of November 27, 1889. By that mere fact, it became a lien upon all the personal property of the debtor until the return day, the 4th day of January, 1890 ; but then, unless an actual levy was made in the interval, the life of the writ expired." And in Samuel v. Knight et al., 9 Pa. Superior Ct. 352, a case which the appellee relies upon as conclusive of the question of the levy, our Brother ORLADY said: " The writ was a lien in the first instance on all personal property of the defendants in the county but this must be followed up by the levy before the return day and a sale, so as to specifically identify the property sold." In this latter case the question arose between rival claimants for personal property not depending upon the date of the lien but upon the actual levy of the sheriff and whether or not certain property claimed to have been levied upon by the sheriff was actually included in the levy.

In the present case, however, the question is, whether or not Glenz, through whom the appellant claims, had any ownership in the personal property agreed to be sold to Spicks at the time

the lien of the fi. fa. placed in the sheriff's hands attached. Unless there had been an actual delivery by Glenz to Spicks of the personal property in the hotel prior to the hour at which the writ of fieri facias was placed in the hands of the sheriff and indorsed by him, the appellant had a lien upon the said property by virtue of his writ and, the levy having been made before the return day, related to the hour when the sheriff received the writ, and the appellant would, therefore, have been entitled to a verdict. If the personal property, outside the bar fixtures and liquors, had been actually delivered before and the bar fixtures and liquors were not delivered until after the license had been actually transferred, then the lien would relate only to what remained to be delivered, after the transfer of the license. The question as to delivery was, therefore, divided and the jury would have had a right to pass upon the delivery of the personal property in the manner indicated. It seems, so far as we are able to judge from the evidence, that the bar fixtures and liquors were not delivered until after the writ in the sheriff's hands become a lien thereon, the levy having been made the same day. As to this, however, we do not intimate any binding decision.

It follows, from what has been said, however, that the trial judge in the court below erred, both in his charge to the jury and in his answer to the defendant's points. The various assignments of error raise but a single question which is sufficiently disposed of by what we have said. Judgment reversed and a new venire awarded.