## In re SCHWEITZER.

(District Court, E. D. Pennsylvania. October 29, 1914.)

### No. 4933.

1. BANKRUPTCY (§ 207*)—LIENS—SUBROGATION—"PREVENTED."

The word "prevented," as used in Bankr. Act July 1, 1898, c. 541, § 67b, 30 Stat. 564 (U. S. Comp. St. 1913, § 9651), providing that, whenever a creditor is prevented from enforcing his rights as against a lien created or attempted to be created by his debtor, who afterwards becomes a bankrupt, the trustee shall be subrogated to and may enforce the rights of the creditor for the benefit of the estate, means "prevented" by bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 207.*

For other definitions, see Words and Phrases, First and Second Series, Prevent.]

2. BANKRUPTCY (§ 207*)—LIENS—CONDITIONAL SALES—EXECUTION LEVY—ENFORCEMENT BY TRUSTEE.

Where a conditional sale of a horse to a bankrupt was invalid as against his creditors, and the horse was in the bankrupt's possession when an execution against the bankrupt was delivered to the sheriff for levy, from which time it constituted a lien on all the bankrupt's personal property, such lien, having been vacated by the bankruptcy proceedings, passed to the trustee and was enforceable for the benefit of the estate, as provided by Bankr. Act, § 67b.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 207.*]

In Bankruptcy. In the matter of bankruptcy proceedings of David Z. Schweitzer. On petition to review a referee's order requiring the surrender of certain property to the bankrupt's trustee. Affirmed.

William Rick, of Reading, Pa., for trustee.
Charles H. Tyson, of Reading, Pa., for claimant.

THOMPSON, District Judge. On December 26, 1913, the referee entered the following order:

"The petition of the trustee for an order on Amos Hertzler to turn over a horse as the property of the bankrupt estate having come on for hearing this day, present the trustee and his counsel and the respondent and his counsel, all parties being heard, and it appearing to the referee that an order should be entered as prayed for, therefore: It is ordered that Amos Hertzler, within ten days from date, turn over to Henry Peifer, trustee, a certain horse in his possession to the value of $190, or in default thereof its said value."

The question comes before the court upon a certificate for review, based upon the petition of Amos Hertzler, the respondent mentioned in the foregoing order. The salient facts are sufficiently set out in the referee's opinion, which is as follows:

"The facts in this case are simple enough. The bankrupt bought a horse from Hertzler under a conditional sale contract by which Hertzler retained title to the horse until paid for. Before the horse was paid for one Chas. Geiger obtained a judgment against the bankrupt, and, issuing execution, placed the writ in the sheriff's hands on September 29, 1913. The horse was then in the bankrupt's possession. A levy was made on October 1, 1913. On the day of the levy the horse was not on the premises, and was not levied

upon. The next day Hertzler got possession of him and took him away. On October 7th Schweitzer was adjudged bankrupt and a trustee was later appointed; proceedings on the writ in the sheriff's hands having meanwhile been stayed.

"In Pennsylvania, a writ of fi. fa. binds the personal property of the defendant from the time of its delivery to the sheriff. Lewis v. Smith, 2 Serg. & R. 142; Ulrich v. Dreyer, 2 Watts, 303. The bankruptcy law (section 67b) provides that a trustee shall be subrogated to and may enforce the rights of a creditor who has obtained a lien upon property of the debtor, who afterwards becomes a bankrupt. In other words, the lien is not necessarily dissolved, but passes to the trustee for the benefit of all the creditors, wiping out the rights of persons who, like Hertzler in this case, claim title to the property levied on under conditional sale contracts. This construction of the law was clearly upheld in Reardon v. Rock Island Plow Co., 168 Fed. 654, 94 C. C. A. 118, affirmed by the United States Supreme Court in Rock Island Plow Co. v. Reardon, 27 Am. Bankr. Rep. 492, 222 U. S. 354, 32 Sup. Ct. 164, 56 L. Ed. 231.

"Under these principles, the horse in question was subject to Geiger's levy, as against which Hertzler's rights vanished. The trustee upon his appointment became subrogated to Geiger's rights, for the benefit of all creditors. As Hertzler had no power to remove the horse after Geiger's levy, he can have no footing now on which to stand as against the trustee's petition. He is in unlawful possession of property belonging to the bankrupt estate, and must be ordered to turn it over."

[1] The situation thus arising is clearly within the following provision of the Bankruptcy Act (section 67b):

"Whenever a creditor is prevented from enforcing his rights as against a lien created, or attempted to be created, by his debtor, who afterwards becomes a bankrupt, the trustee of the estate of such bankrupt shall be subrogated to and may enforce such rights of such creditor for the benefit of the estate."

The word "prevented," as used in this subsection, means prevented by the bankruptcy proceedings. In re Doran (C. C. A., 6th Cir.) 18 Am. Bankr. Rep. 760, 154 Fed. 467, 83 C. C. A. 265.

[2] In the present case by the contract of conditional sale it was attempted to create a lien upon the horse in favor of Hertzler. The possession of the horse remaining in Schweitzer, the bankrupt, the condition was void as against creditors. The creditor, Geiger, therefore, having obtained a lien from the time of placing his writ of execution in the sheriff's hands, was prevented by the intervention of bankruptcy proceedings and a restraining order between the time of the issuing of the writ and the return day from enforcing his right under the writ to complete his lien by levy. Braden's Estate, 165 Pa. 184, 30 Atl. 746; Samuel v. Knight et al., 9 Pa. Super. Ct. 352.

The application of section 67b is obvious. The order of the referee is therefore affirmed.