M. P. Moller, Inc., *v.* Mainker (et al., Appellant).

Argued January 29, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Walter B. Freed,* with him *Groman & Rapoport,* for appellant.—A void record of a paper in the office of the prothonotary would not be constructive notice to any one, nor would one who appears to read a supposed copy illegally written into the record book be charged with notice of its contents, or bound to believe or suspect that it was authentic: Hickman's Est., 40 Pa. Superior Ct. 244.

The organ in question was so intimately connected with the building and so physically annexed to it and the purpose it was to serve in moving picture theater building was so essential to the moving picture business, that upon its installation therein it became a part of the realty: Titus v. Coal Co., 275 Pa. 431.

*Harvey H. Steckel,* with him *William H. Hudders,* for appellee.—The appellant had actual knowledge, prior to the time it placed the mortgage, of the fact that the organ did not belong to the mortgagors but belonged to the plaintiff, the appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 19, 1934:

This is an action of replevin for the recovery of a pipe organ and its accessories and attachments installed by plaintiff in a theater under a contract of lease. After the writ issued, defendant, The Pennsylvania Trust Company, gave a claim property bond. The case pro-

ceeded to trial and resulted in a verdict in plaintiff's favor for $5,000, upon which judgment was entered. The Pennsylvania Trust Company appeals.

When the facts are plainly and chronologically stated, the case almost decides itself. Defendant got more than it was entitled to in having a jury pass upon it. The trial judge could properly have given binding instructions for plaintiff.

M. P. Moller, Inc., the appellee, on November 3, 1927, entered into an agreement of lease with Rubin Mainker and Alex Minker, designated as lessees, in which the appellee agreed to build for and deliver to them an organ to be placed in their theater. The lessees undertook to pay a total rental of $10,500, $1,050 when the agreement was signed, $1,575 when the organ parts were delivered to the building, $1,050 when it was completed and the residue in twenty-four equal monthly installments. The contract provided that no title to the organ should vest in the lessees until all payments were made and a bill of sale had been delivered. The lessees defaulted in their payments. No bill of sale was ever delivered.

Appellant, on September 7, 1928, loaned to Mainker & Minker $125,000, secured by a mortgage on the theater building. The mortgage did not mention the organ, although it had been installed in the theater before the mortgage was executed. The mortgage was foreclosed and the theater was purchased by appellant at the sale. It contends that it thereby acquired title to the organ.

On January 5, 1928, plaintiff filed the lease in the prothonotary's office. The title officer of appellant admitted that prior to the execution of its mortgage he was furnished with an abstract of title showing the agreement of lease of the organ and that the mortgage was drawn with knowledge of it.

In its statement of the questions involved appellant presents the proposition that the record of the lease was improperly received in evidence, the contention be-

ing that its filing as a public record was void because of certain statutory defects. Appellant argues that appellee averred in its statement of claim that the agreement was a lease, and that as the Uniform Conditional Sales Act embraces only sales, the agreement could not legally be filed so as to make it valid for any purpose under the act. It is sufficient to say that we are not dealing with the validity of the record, but with the notice it conveyed. Appellant had actual notice from the paper that the owners of the theater had no title to the organ. Whether the lease was a legal record does not affect the validity of the notice, where the notice was actual: Smith's Appeal, 47 Pa. 128, 140; Hamilton's Appeal, 103 Pa. 368, 371; Butts v. Cruttenden, 14 Pa. Superior Ct. 449, 455. Although a defective recording does not provide constructive notice to subsequent encumbrances, actual notice is always as good as constructive notice. If the paper had not been recorded at all, and appellant had known of it before the mortgage was created, it could not have asserted title to the organ as a result of foreclosure of its mortgage, as the paper would have shown that not the mortgagors, but the plaintiff was the owner.

Appellant further contends that it was error to permit appellee to offer in evidence the notice claiming ownership of the organ which had been read at the sheriff's sale. The ground for this contention is that appellant's rights were those of a purchaser dating from the time of recording its mortgage and a notice read at the sheriff's sale a year later could not affect its rights, and that therefore the admission of the notice obscured the issue and confused the jury. It was entirely proper to receive the notice in evidence. Every claimant of ownership adverse to the defendant in the execution of the property to be sold has the right thus to protect himself and assert his title. This piece of evidence could in no way becloud the issue.

It is alleged that the organ was so intimately connected with the building and so physically annexed to it and so essential to the moving picture business conducted therein that upon its installation it became part of the realty. The facts in the record refute this claim. As against plaintiff, in view of the terms of the contract of lease, the mortgagors could not make it part of the realty so as to preclude its removal: Clayton v. Lienhard, 312 Pa. 433. No such claim could be entertained by the mortgagee, with actual notice of the contract. So far as its essentiality to the operation of the theater is concerned, it appeared that for as long as eight weeks at a time the organ was never used.

Two witnesses, one for appellant and one for appellee, fixed the value of the organ at $1,000 and $5,000 respectively. Both witnesses had an interest in the controversy. The trial judge in substance told the jury that they should base the value on the testimony of the witness they deemed credible. It is argued that this was opinion evidence and that the court should have instructed the jury that they were not bound thereby. The trial judge made clear to the jury that they should accept the testimony only of truth telling witnesses and he gave the usual tests for ascertaining whether witnesses are worthy of belief. Appellant has no cause for complaint on this score. The jury adopted the figure fixed by appellee's witness, $5,000, which would not seem to be improper in view of the original cost of the organ, $10,500.

None of the assignments has merit.

The judgment is affirmed.