## Central Lithograph Company *v.* Eatmor Chocolate Company (No. 3).

Argued October 4, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Stephen Stone,* of *Stone & McCandless,* with him *George F. Hall,* for appellant.

*Albert C. Hirsch,* with him *John M. Freeman, Ralph H. Demmler* and *Watson & Freeman,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, November 26, 1934:

This proceeding grows out of the same sheriff's sale as the preceding cases (Pennsylvania Chocolate Co., to use of Commonwealth Trust Co., v. Eatmor Chocolate Co. and Central Lithograph Co. v. Eatmor Chocolate Co., Appeals of Commonwealth Trust Co.). Here, under a conditional sale agreement entered into subsequent to the date of the mortgage to the Commonwealth Trust Company, the Ball Ice Machine Company, appellant, sold to the Eatmor Chocolate Company certain refrigerating machinery and equipment consisting of a refrigerating machine with direct synchronous motor for driving the same, an ammonia condenser, and ammonia liquid receiver, a motor starter and motor general exciter, together with the necessary appurtenances. The mortgagee had no notice or knowledge of the reservation of title by the conditional vendor until after the sheriff's sale. Immediately after the purchase the machinery and equipment were installed in the chocolate company's plant. There had previously been a refrigerating system in the plant operated by steam. The engine connected with it had been in use for a period of eighteen years and, even prior to the time of the increase in capacity of the factory, it was insufficient to furnish the amount of refrigeration required by the plant.

To facilitate the manufacture of all the products of the company, the refrigerating machinery in question was installed. The Eatmor Company erected the foundations and supports and properly prepared the building for the reception of the new machinery. The old system of refrigeration was rearranged and the new refrigerating machinery and equipment installed in such a way that it all now constitutes one continuous system. The machinery is so arranged that the system may be operated by the old steam engine alone, or by the new electric

motor alone, or by the use of both together. The plant cannot be operated to full capacity with either engine alone. The system is used generally in the chocolate manufacturing process. If the refrigerating machinery in question were removed, it would reduce the manufacturing capacity of the plant 50%, and would also injure the remaining portion of the refrigerating system and increase the cost of its operation. The machinery and equipment are quite heavy and occupy considerable space. Some of the machinery is bolted to concrete foundations and grouted in; some is otherwise attached to the foundations. The various parts are connected with the electrical power lines in the plant and all parts are connected by heavy iron pipes with the ammonia system which feeds the entire plant. The removal of the machinery and equipment might not cause great physical damage to the building as a building, but would result in material and irreparable injury to the plant as a manufacturing establishment. The court below determined that this machinery and equipment were so attached to the realty as not to be severable without material injury thereto and dismissed the appellant's reclamation petition. From such action we have this appeal.

The principal argument of appellant is that the court below decided against it on a mistaken idea as to the damage which would be done by the removal of the machinery. Appellant contends that the lower court estimated that the damage would amount to as much as $2,000, because that was the amount of a bond given by appellant to cover the damage, whereas in fact the damage to the building would be very much less.

We have stated in the preceding cases we do not regard as solely controlling the damage which would be done by the removal of the machinery as that suffered by the building alone, but the damage that would ensue to the plant as a plant. As to that, from our reading of the record there can be no question that it would result in most material damage, and, this being so, for the reasons stated

in the preceding cases, the order of the court must be affirmed.

Wickes Bros. v. Island Park Assn., 229 Pa. 400; Ridgway Dynamo & Engine Co. v. Werder, 287 Pa. 358; National Theatre Supply Co. v. Mishler, 312 Pa. 250; Moller, Inc., v. Mainker, 314 Pa. 314, while cases of conditional sales and a bailment lease in which we decided that the conditional vendor or lessor had the right to remove the property, are none of them cases of manufacturing establishments in which the removal of the property sold would impair the integrity of the plant.

Order affirmed at appellant's cost.