## Williams Patent Crusher and Pulverizer Company, Appellant, *v.* Reily.

Argued March 14, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

*George L. Reed,* with him *Joseph T. Evans* and *William S. Bender,* for appellant.

*Bernard M. Zimmerman,* of *Zimmerman, Myers & Kready,* with him *Paul G. Smith,* for appellee.

OPINION BY KELLER, P. J., July 18, 1935:

This is a sheriff's interpleader issue, over the title to a large stone crusher. The facts were stipulated by agreement between the parties. It was also stipulated that a verdict should be directed in favor of the defendant in the issue for $1,917, the value of the stone crusher, plus interest, leaving the legal questions involved to be determined on a rule for judgment non obstante veredicto. The court below discharged the rule and entered judgment on the verdict. The plaintiff in the issue appealed.

The following are the material relevant facts: Constructors Materials Company, a Pennsylvania corporation, (hereinafter called Constructors Company), operated a quarry and stone pulverizing plant on fifty-one acres of land owned by it near Mt. Hope, Penn Township, Lancaster County. As a part of its plant it owned and operated a No. 1 Jumbo Junior Crusher, manufactured by Williams Patent Crusher and Pulverizer Company, (hereinafter called Williams Company), the plaintiff in this issue. On November 3, 1927 Constructors Company executed a mortgage to George W. Reily, defendant in this issue, covering the tract of land used as a quarry and stone pulverizing plant, for $11,500, payable three years from date, as collateral security for the endorsement of notes and for any renewals thereof. This mortgage was recorded on November 26, 1927 in Mortgage Book No. 308, page

334. On September 10, 1928 Constructors Company gave Reily a second mortgage covering the same property, for $3,500, payable October 1, 1933, recorded September 11, 1928, in Mortgage Book No. 317, page 520, as collateral security for the endorsement of notes and for any renewals thereof. The No. 1 Jumbo Junior Crusher, above referred to, was a part of the machinery used in the operation of the quarry and pulverizing plant of the Constructors Company at the date of the execution and delivery to Reily of the bond and mortgage dated November 3, 1927, aforesaid, and remained so until it was removed as hereinafter stated.

On August 29, 1928 Constructors Company signed an acceptance of a written proposal submitted to it by Williams Company for the furnishing by the latter to the former, on trial, of a No. 4 Jumbo Junior Crusher, —a larger crusher than the No. 1 Jumbo Junior Crusher already installed—for $3,550, less credit of $1,350 for the No. 1 Jumbo Junior Crusher, which was to be delivered to Williams Company, leaving a net price of $2,180, to be paid as follows: One-third in cash after 30 days trial, balance in two notes of four and six months each, bearing 6% interest, with privilege of renewing four months note for same period when same comes due. The proposal was headed, 'Contract of Sale on Trial.' It provides, it may be stated in a general way, that Constructors Company should install the machine and operate it on trial for a period of 30 consecutive days, with the privilege of rejecting it, provided it notified Williams Company in writing of such rejection, on or before the last day of said trial period, and shipped the machine back to Williams Company; otherwise the machine was to be considered accepted; and that upon acceptance Constructors Company was to secure the deferred payments by chattel mortgage, conditional sale contract, lease or other instrument which under the laws of

Pennsylvania would secure Williams Company in a first lien on said machinery for such deferred payments —"Title to the machinery shall remain in [Williams Company] during the trial period and thereafter until such security shall be given, or if not given, until the machinery is paid for in full."

Constructors Company received and installed the new No. 4 crusher at its plant aforesaid, removed the smaller No. 1 crusher and shipped it to Williams Company. It never notified the latter, in writing, of its rejection of the new and larger crusher; but it never executed and delivered to Williams Company a chattel mortgage, conditional sale contract—other than the 'Contract of Sale on Trial'—lease or other instrument, as specified in said contract, and when such a paper was requested of it by Williams Company, it replied that its president was ill, but would execute the paper when he was able to attend to business matters. Williams Company accepted from Constructors Company three promissory notes, aggregating $2,180, in lieu of the cash payment of one-third at the end of thirty days, and two notes of four and six months, respectively, called for in the contract; none of these notes has been paid.

No copy of the 'Contract of Sale on Trial' was ever filed in the office of the prothonotary of Lancaster County, under the Conditional Sales Act of May 12, 1925, P. L. 603, as amended by Act of May 12, 1927, P. L. 979; nor did Reily, or his attorneys, have any notice of it until the property claim, hereinafter referred to, was filed.

On July 18, 1929 Reily entered judgment in Lancaster County against Constructors Company for $11,-500 on the bond accompanying his first mortgage, to April Term 1929, No. 731, and the same day issued a fieri facias, to August Term 1929, No. 94, Execution Docket, which writ came into the hands of the sheriff

of Lancaster County at twelve o'clock noon the same day, and it was so endorsed on the writ. On July 19, 1929, the sheriff levied on the real estate of Constructors Company under said writ of fieri facias. On July 29, 1929 Williams Company filed with the sheriff a property claim for said No. 4 Jumbo Junior Crusher, of which Reily's attorneys first had notice on August 3, 1929. On August 14, 1929—before the return day of the writ—the sheriff made an actual levy, under said writ of fieri facias, on the personal property of Constructors Company, including the said No. 4 Jumbo Junior Crusher. On August 19, 1929 Williams Company again filed with the sheriff a property claim for the above mentioned stone crusher and pulverizer. On August 21, 1929 the sheriff sold all the personal property of Constructors Company, not claimed, for $214.50. On August 23, 1929, the sheriff sold the real estate of Constructors Company for the sum of $100. Bond was filed by Williams Company and the No. 4 crusher delivered to it.

The parties proceeded in the court below on the theory that the 'Contract of Sale on Trial' constituted a conditional sale contract. We shall consider it from that point of view.

On its delivery and installation as a part of Constructors Company's quarry and stone pulverizing plant, the No. 4 Jumbo Junior Crusher either became affixed to the real estate, so as to become subject to the lien of Reily's mortgages, or it remained personal property, not subject to such liens. The recent pronouncements of the Supreme Court in Penna. Chocolate Co. v. Hershey Bros. (No. 1), 316 Pa. 292, 175 A. 694; Central Lithograph Co. v. Eatmor Chocolate Co. (No. 1), 316 Pa. 300, 175 A. 697; Central Lithograph Co. v. Eatmor Chocolate Co. (No. 2), 316 Pa. 310, 175 A. 702; and Central Lithograph Co. v. Eatmor Chocolate Co. (No. 3), 316 Pa. 312, 175 A. 701, which have greatly clarified

the law of this State as to whether the lien of a mortgage upon a manufacturing plant covers and applies to machinery necessary for its functioning as a complete plant, lead us to believe that had Reily not levied on the crusher as personal property, with the intention of selling it as such personal property, separate and apart from the real estate, those decisions just above cited would have protected his lien on the crusher machine as part of the manufacturing plant, covered by his mortgages, as against the property claim of Williams Company. We can see no real distinction between the machinery in the Chocolate cases and this crusher forming part of a quarry and stone pulverizing plant. But Reily saw fit to treat the crusher as personal property, not affixed to the real estate and not necessary for the functioning of the plant as a complete plant, and to levy upon it as personal property; and we are of opinion that his election in that respect binds him here. We therefore treat the crusher, for the purposes of this case only, as personal property not subject to the lien of Reily's mortgages.

The Act of 1925, supra, provides as follows: "Section 4. *Conditional Sales Valid except as Otherwise Provided.* Every provision in a conditional sale, reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as hereinafter otherwise provided. Section 5. *Conditional Sales Void as to Certain Persons.* Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them before the contract or a copy thereof shall be filed, as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale."

It will be noted that a provision in a conditional

sale, reserving property in the seller (where the contract, or copy thereof has not been filed in the prothonotary's office within ten days after its making—as is the case here—) is void as to any creditor of the buyer who, without notice of the provision reserving property in the seller, acquires by attachment or levy a lien upon the subject matter of such sale before the contract or a copy thereof shall be filed.

Reily was a creditor of the buyer, Constructors Company. By the levy under his writ of fieri facias on the judgment upon the bond accompanying his first mortgage, he acquired a lien on the crusher, before the contract or a copy thereof was filed in the prothonotary's office—for it has never been filed there. The question before us is, was Reily without notice of the provision in the contract reserving title in the seller, Williams Company, when he acquired his lien on the crusher by the levy of his execution? And this depends on whether the lien on the crusher, as personal property, was acquired when the writ of fieri facias came into the hands of the sheriff on July 18, 1929, at twelve o'clock noon, or on August 14, 1929, when the actual levy on the personal property was made by the sheriff. On this point, we think, the law of this Commonwealth is well settled. When a levy is properly made by the sheriff on personal property before the return day of the writ, the levy relates back to the hour at which the writ was placed in the sheriff's hands and endorsed thereon: Act of June 16, 1836, P. L. 755, secs. 39, 40; Duncan v. McCumber, 10 Watts 212; Wilson, Seiger & Co.'s App., 13 Pa. 426; Schuylkill County's App., 30 Pa. 358; Braden's Est., 165 Pa. 184, 188, 30 A. 746; Person's Appeal, 78 Pa. 145, 146; Samuel v. Knight, 9 Pa. Superior Ct. 352, 361; Spicks v. Prospect Brewing Co., 19 Pa. Superior Ct. 399, 402. In Braden's Est., supra, Mr. Justice DEAN, speaking for the court said: "As has already been noticed, the

writ came into the sheriff's hands at 11:30 A. M. of November 27, 1889. By that mere fact it became a lien upon all the personal property of the debtor until the return day, the 4th of January, 1890. But then, unless an actual levy was made in the interval, the life of the writ expired" (p. 188). "Since the passage of this Act [June 16, 1836, supra,] the law has been uniformly held to require a levy upon a writ of fieri facias, so placed in the sheriff's hands, to be made before the return day of the writ, in order to make the lien from the time at which the writ was placed in the sheriff's hands good; but, when a proper levy is made before the return day of the writ, the levy itself relates to the hour at which the writ was placed in the sheriff's hands and indorsed thereon. The authorities are very numerous and the practice has of course been universal": Spicks v. Prospect Brewing Co., supra, p. 402. "It will be observed, that the lien of an execution attaches, but from the time it comes into the hands of the sheriff: Act of June 16, 1836, sect. 37 [39], Pamph. L. 768": Person's App., supra, p. 146. The Act of 1836 (sec. 39) expressly provides, "No writ of fieri facias, or other writ of execution, shall bind the property or the goods of the person against whom such writ of execution is sued forth, but from the time such writ shall be delivered to the sheriff, under sheriff, or coroner, to be executed," and section 40 requires, with that in view, that the sheriff, upon receiving any writ of fieri facias, shall endorse thereon the day of the month, the year and the hour of the day whereon he received the same.

The appellant contends that because the Conditional Sales Act was enacted as part of our system of uniform statutes and because the courts in certain states have construed the wording of the fifth section of the Conditional Sales Act, relative to the acquirement by a creditor of the buyer of a lien by levy, to refer to the

date of the actual levy by the sheriff on the goods, we are required to follow this ruling for the sake of uniformity of construction. A survey of the decisions on this section of the act shows that there is no settled uniformity of decision on the subject; but irrespective of this, we will not allow a desire for uniformity as to conditional sales to bring about confusion and want of uniformity in our law relating to executions. To hold that a different rule applies as to executions against personal property held under conditional sale contract from similar executions against all other personal property, and that the issuance of a writ of fieri facias creates a lien on all the defendant's personal property, from the date it came into the sheriff's hands,—provided an actual levy is made before the return day of the writ—, except goods held under conditional sale, and that as to them the lien attaches only from the date of actual levy, would cause a confusion and lack of uniformity in our law relating to executions, never intended by our lawmakers. In our efforts to secure uniformity of procedure abroad it was not intended to cause confusion and lack of uniformity at home.

The recent case of Delco Ice Mfg. Co. v. Frick Co. Inc., 318 Pa. 337, 178 A. 135, while it relates to the Act of May 14, 1925, P. L. 722, concerning conditional sales of chattels attached to realty,—now repealed by the Act of May 12, 1927, supra, amending the Act of May 12, 1925, P. L. 603, here involved,—shows clearly that the seller under a conditional sale contract, in order to retain his title as against bona fide purchasers and creditors of the buyer, must strictly observe all the regulations and requirements imposed by the act.

Under our view of the law it is not necessary to discuss the position taken by the learned judge of the court below, that the contract of sale, if ever it had been a conditional sale, was changed by the acts of the parties into an absolute sale on credit. There is much

to be said in support of the position, but we need not rule on it definitely.

We place our decision squarely on the fact that as the appellant did not file the contract or a copy of it in the prothonotary's office within ten days after its making, it was void as to a creditor of the buyer who, without notice of any reservation of title in the seller acquired a lien on the crusher,—which for the purposes of this case must be regarded as personal property—, by a levy upon it under a writ of fieri facias; that the appellee acquired such a lien by virtue of his writ of fieri facias, which came into the sheriff's hands on July 18, 1929, at twelve o'clock noon, and was so endorsed; and that as a levy was actually made by the sheriff on the crusher as personal property on August 14, 1929, before the return day of the writ, the levy dated back to and was effective July 18, 1929, at twelve o'clock noon, which was sixteen days before any notice of the appellant's claim was given the appellee or his attorneys by the first property claim filed in said execution; and that the reservation of title to the crusher in the seller, under the conditional sale contract, was accordingly void as against the appellee, a judgment creditor, who, without notice of appellant's claim of title, acquired a valid lien by virtue of his levy under his writ of fieri facias.

The judgment is affirmed.