## Gilberton Coal Co. v. Felty et al.

*Frank A. Gallagher*, for plaintiff.
*H. Franklin Kehler*, for claimant.

DALTON, J., July 24, 1944.—This is a sheriff's interpleader. The parties to the issue filed a paper, in the nature of a case stated, entitled "Statement of Facts and Question of Law", and then ordered the matter on the argument list. The paper failed to specify what judgment should be entered and it contained no facts from which the court could deduce what judgment should be entered. It failed even to specify the amount for which the execution had issued. See the Act of June 22, 1931, P. L. 883, sec. 13, 12 PS §2370, as to the various judgments possible in sheriff's interpleader proceedings, and see The Pennsylvania Knitting Mills of Reading v. Bibb Manufacturing Co., 12 Pa. Superior Ct. 346, and Mann v. Salsberg, 17 Pa. Superior Ct. 280, for cases where the amount of the execution was less than the value of the goods claimed. Furthermore, the agreement filed failed to authorize the court to enter any judgment whatever. Failure to inform the

court respecting the form and substance of the judgment to be entered, and specifically to agree that it should be entered, is fatal: Morgan v. The County of Mercer et al., 8 Pa. Superior Ct. 96. The case stated must therefore be quashed.

We think it proper to comment further, however, that the question involved is not whether the sale of the motor vehicle by the judgment debtor to the claimant was void as to the debtor's creditors generally, but whether the sale may be avoided by this particular creditor, the plaintiff in execution. It is agreed that the sale was made "on or about August 5, 1943", and in the briefs of the parties it is said that the fi. fa. issued on July 16, 1943, and a levy was made on or about August 18, 1943. While we cannot consider the two latter dates for the purpose of deciding the case, because not set forth in the case stated, such dates, if correct, indicate a strong possibility that the motor vehicle was subject to the lien of the execution when sold to claimant. At common law, both in England and in Pennsylvania, a fi. fa. was a lien on all of the defendant's personal property in the bailiwick from its teste, so that a sale of the goods made thereafter by the defendant, though bona fide, might have been avoided by a levy on the goods at any time before the writ became returnable: 3 Sharswood's Blackstone's Commentaries 420; Speer v. Sample, 4 Watts 367, 369; Duncan v. M'Cumber, 10 Watts 212, 214, 215. The common-law rule was altered in England by the statute of frauds, 29 Car. 2, c. 3, sec. 16, and in Pennsylvania by the Act of March 21, 1772, 1 Sm. L. 389, sec. 4, subsequently supplied by sections 39 and 40 of the Act of June 16, 1836, P. L. 755, 12 PS §§2291, 2292. Under the statute the lien commences at the time the writ is delivered to the sheriff to be executed: Duncan v. M'Cumber, supra, p. 215; and a levy made on personal property before the return day of the writ relates back to the hour at which the writ was placed in the sheriff's

hands and endorsed by him: Williams Patent Crusher & Pulverizer Co. v. Reily, 118 Pa. Superior Ct. 64, 71. The statute protects bona fide purchasers if title is acquired between the teste of the writ and the time it is delivered to the sheriff: Duncan v. M'Cumber, supra, 215; but it does not protect a purchaser who acquires the goods subsequent to the delivery of the writ and prior to the levy, if a proper levy is made before the return day of the writ: Duncan v. M'Cumber, supra, 215; Spicks v. Prospect Brewing Co., 19 Pa. Superior Ct. 399; McCabe v. Snyder, 3 Phila. 192; Kines v. Grossman, 52 Dauph. 247.

As was above noted, the case stated does not set forth either the date the writ issued or the date of the levy; neither does it state when the writ came to the hands of the sheriff nor when it was returnable. It also fails to show whether the property claimed was in this county, at any time while the writ was in the hands of the sheriff and prior to the sale to claimant. Should these facts properly appear, they may prove to be controlling. But this we do not, and cannot, now decide.

And now, July 24, 1944, the case stated is quashed.